N. Douglas Grimwood, No. 003414
Helen Perry Grimwood, No. 006355
The Grimwood Law Firm plc
301 East Bethany Home Road
Suite A-205
Phoenix, Arizona 85012-1269
(602) 265-4995
ndg@grimwoodlaw.com
hpg@grimwoodlaw.com

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Donald Awerkamp, | ) |
| Plaintiff, | ) Cause No. |
| v. | ) |
| Raven, Clancy & McDonagh P.C. Profit Sharing and Savings Plan, | ) **COMPLAINT** |
| Defendant. | ) |

COMES NOW, Plaintiff DONALD AWERKAMP, and states for his Complaint as follows:

1. Plaintiff DONALD AWERKAMP is a resident of Pima County, Arizona. Defendant Raven, Clancy and McDonagh, P.C. Profit Sharing and Savings Plan (f/k/a "Raven and Awerkamp, P.C. Profit Sharing and Savings Plan") (hereinafter collectively referred to as "Plan") is administered in Pima County, Arizona.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a)(1)(B). Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e).

3. Plaintiff was a participant in the Plan for about twenty years.

4. On December 31, 2007, Plaintiff terminated his association with the firm of Raven, Awerkamp & Clancy, P.C. ("Separation from Service Date").

5.     Pursuant to the terms of the Plan:

"The Plan Administrator will direct the Trustee to commence distribution of the Participant's Separation from Service."

"***

"… the Plan Administrator … will treat the Participant as having elected to postpone his/her distribution until the 60th day following the close of Plan Year in which the latest of the following events occurs: (a) the Participant attains Normal Retirement Age; (b) the Participant attains the age 62; or (c) the Participant Separates from Service.  At the applicable date, the Plan Administrator then will direct the Trustee to distribute the Participant's Vested Account Balance in a lump sum …"

6.     At the time of his Separation from Service, Plaintiff's age exceeded (a) the Normal Retirement Age and (b) the age of 62.  His distribution was due on the 60th day following his "Separation from Service;" that is, on Friday, February 29, 2008. Under the terms of the Plan, the Valuation Date to be used for computation of the value of Plaintiff's distribution is one immediately preceding the distribution.  In this case, the proper Valuation Date was December 31, 2007.  At some time after Plaintiff's departure from the firm Raven, Awerkamp & Clancy, P.C., changed its name to Defendant Raven, Clancy & McDonagh, P.C., and the Raven, Clancy & McDonagh, P.C., Profit Sharing Plan became a successor in interest to Raven & Awerkamp, P.C., Profit Sharing Plan.

7.     The Plan Administrators of the Plan, Defendants Raven and Clancy, delayed the processing of the paperwork necessary for the distribution of Plaintiff's share of the Plan assets. When the distribution was not forthcoming on the date required by the Plan, Plaintiff repeatedly requested the distribution for the sums due him from the Plan. The Plan Administrators failed and refused to provide the distribution in accordance with the terms of the Plan. While the Plan Administrators delayed the distribution, the

securities in which the Plan had invested fell precipitously in value.  On December 23, 2008, Defendants Clancy and Raven wrote to Plaintiff Awerkamp advising that the computation of Plan assets would be made on December 31, 2008, with the following explanation:

> "… we believe that this procedure is fairest to all Plan participants, both current and former employees."

8. On February 6, 2009, Plaintiff appealed the decision to postpone computation of the value of his account.

9. On February 18, 2009, Defendants Raven and Clancy signed a letter denying Plaintiff's appeal and offering to make a distribution with Plaintiff's consent based on December 31, 2008 valuation.

10. Plaintiff declined to consent to distribution based on December 31, 2008 valuations.

11. Plaintiff's administrative remedies having been exhausted, Plaintiff retained counsel to negotiate an appropriate resolution; or failing that, to file a lawsuit.. Negotiations were unsuccessful.

12. Plaintiff has exhausted the administrative remedies provided under the Plan.

13. Under the terms of the Plan, Plaintiff was entitled to receive his benefits within sixty (60) days of his Separation from Service, or February 29, 2008.  The Valuation Date for that distribution was required to be the Valuation Date immediately preceding the Distribution Date, or December 31, 2007.

14. Notwithstanding the express requirements of the Plan, Defendants Clancy and Raven failed to distribute any of the amounts due to Plaintiff from the Plan until October 18, 2009.  That attempted distribution was not made in accordance with the

instructions Plaintiff had provided to the Plan Administrators.  On information and belief, the Valuation Date used by the Plan Administrators was June 30, 2009.

15.  The Plan is obligated to pay Plaintiff the amounts due him based on the proper Valuation Date according to the terms of the Plan.

WHEREFORE, Plaintiff requests the following relief:

    A.    All remaining Plan benefits due to Plaintiff from the Plan, pursuant to 29 U.S.C. § 1132(a)(1)(B);

    B.    Attorneys' fees incurred in this matter from the date administrative remedies were exhausted until the date of judgment, pursuant to 29 U.S.C. § 1132(g);

    C.    Interest on the amounts due; and

    D.    Such other relief as this Court deems just.

DATED this 24th day of March 2010.

                              THE GRIMWOOD LAW FIRM plc

                              By    /s/ N. Douglas Grimwood
                                  N. Douglas Grimwood
                                  Helen Perry Grimwood
                                  301 E. Bethany Home Road, Suite A-205
                                  Phoenix, Arizona 85012-1269
                                  (602) 265-4995
                                  Attorneys for Plaintiff